1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

| | |
|---|---|
| MICHAEL FREDRIC MORA, | CASE NO. 1:-07-cv-01894-OWW-SMS PC |
| Plaintiff, | ORDER DISMISSING AMENDED COMPLAINT, WITH LEAVE TO AMEND, |
| v. | FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED UNDER |
| LAW OFFICES OF WOLFF, KINSLER, AND SITTIG, et al., | SECTION 1983 |
| Defendants. | (Doc. 9) |
| _____/ | SECOND AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

16
17

**Screening Order**

18

I.    **Screening Requirement**

19
20
21

        Plaintiff Michael Fredric Mora ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action for damages on December 18, 2007.  Plaintiff neglected to sign his complaint and it was stricken pursuant to order filed July 2, 2008.  Plaintiff filed a signed amended complaint on July 17, 2008.

22
23
24
25
26
27
28

        The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

1

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.   Plaintiff's Claims

Plaintiff is currently housed at the California Correctional Institution ("CCI").  Plaintiff alleges the failure to provide appropriate medical care for his shoulder injury, in violation of the Eighth Amendment of the United States Constitution, arising from events which occurred at CCI. Plaintiff also alleges a claim against Defendant Law Offices of Wolff, Kinsler, and Sittig arising from the handling of his worker's compensation claim following an injury he received on the job prior to his incarceration.

### A.   Legal Malpractice Claim Against Law Offices of Wolff, Kinsler, and Sittig

Plaintiff has filed suit in federal court under section 1983.  A cognizable section 1983 claim requires allegations that (1) the defendant acted under color of state law and (2) the defendant deprived him of rights secured by the Constitution or federal law.  Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006).  Section 1983 does not provide a remedy for the mishandling of Plaintiff's worker's compensation claim by the law firm he hired because the firm was not acting under color of state law and the firm did not violate a constitutional or other federal right.  Therefore, Plaintiff fails to state a claim under section 1983 against Defendant Law Offices of Wolff, Kinsler, and Sittig.

Further, federal courts are courts of limited jurisdiction.  E.g. Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 2617 (2005).  To the extent that Plaintiff has alleged a valid legal malpractice claim, the claim is one arising under state law claim and must be raised in state court.  There is no basis for federal subject matter jurisdiction over the claim.  Supplemental jurisdiction over the claim is not available because the malpractice claim is not related to Plaintiff's Eighth Amendment claims such that they form part of the same case or controversy.  28 U.S.C. § 1367(a); Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004).

### B.    Eighth Amendment Medical Care Claims

Plaintiff's claims arise from a shoulder injury.  Plaintiff entered prison with a pre-existing shoulder injury and was transferred to CCI on July 8, 2004.  X-rays of his left knee and shoulder were taken on August 5, 2004, and on August 17, 2004, Plaintiff injured his left shoulder while performing his job duties.  Plaintiff alleges that he experienced a popping sensation and severe pain, but Defendant Sands refused his request for a pass to the medical clinic.

On August 19, 2004, Plaintiff was seen by Defendant Hirsch, a doctor, who went over Plaintiff's x-rays with him and told him he would be monitored for an AC separation.  Plaintiff alleges that his request for pain medication was refused.  On August 25, 2004, Plaintiff again saw Defendant Hirsch for complaints of left shoulder pain and difficulty moving the shoulder.  Defendant Hirsch ordered an MRI and said he would monitor the shoulder.  On September 1, 2004, Plaintiff complained to Defendant Hirsch about severe pain caused by Plaintiff's job duties, and Defendant issued a light duty chrono.

On September 20, 2004, Plaintiff's MRI was conducted at an outside clinic, and on October 14, 2004, Defendant Hirsch issued a referral to an orthopedic surgeon.  Plaintiff was seen by Dr. Tanji with UC Davis Health System on January 7, 2005, who recommended a subacromial bursal injection followed by physical therapy and a follow-up in six weeks.  Plaintiff alleges that Dr. Tanji's treatment plan was never implemented and he suffered further injury as a result.  Plaintiff alleges that he is naming Defendant Tate, the Chief Medical Officer, as a defendant for failing to implement Dr. Tanji's treatment plan, and that he petitioned Defendant Schulteis, the Associate Warden, based on his repeated assignment to jobs which would further exacerbate his injury.

On May 19, 2005, Plaintiff's left shoulder began burning, popping, and hurting severely, and his left hand began cramping, swelling, and going numb.  Plaintiff alleges the medical department refused to see him despite his supervisor's two phone calls.  On May 25, 2005, Defendant Yin clarified the light duty chrono written by Defendant Hirsch because it was too vague.

Plaintiff alleges that he was finally sent to California State Prison-Corcoran and examined by Dr. David Smith on February 23, 2006.  Plaintiff received shoulder surgery on May 25, 2006.

 "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical needs. McGuckin at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff's allegation that Defendant Sands refused his request for a pass to the medical clinic is insufficient to support a claim under section 1983.  Plaintiff has not alleged any facts which would support a claim that Defendant Sands "[knew] of and disregard[ed] an excessive risk to [Plaintiff's]

4

1  health . . . ." Farmer v. Brennan, 511 U.S. at 837.  Further, Plaintiff has not alleged any facts
2  indicating that he suffered any further injury as a result of Defendant Sands' decision not to let him
3  go immediately to the medical clinic.

4      The needless suffering of pain may be sufficient to demonstrate further harm.  Clement v.
5  Gomez, 298 F.3d 898, 904 (9th Cir. 2002).  However, Plaintiff 's conclusory allegation that
6  Defendant Hirsch refused his request for pain medication is insufficient to support a claim.
7  Although Plaintiff is not required to set forth lengthy, detailed allegations, he must allege facts which
8  would support a claim that Defendant knowingly disregarded an excessive risk to Plaintiff's health.
9  Farmer, 511 U.S. at 837.

10     It is not mandatory that prison officials implement treatment plans recommended by outside
11 specialists.  A difference of opinion between medical personnel regarding treatment does not amount
12 to deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).  Therefore, the failure
13 to implement Dr. Tanji's recommended plan provides no basis for the imposition of liability on
14 Defendant Tate.  Likewise, the bare allegation that Plaintiff complained to Defendant Schulteis is
15 insufficient to impose liability on Defendant Schulteis for acting with deliberate indifference.

16     Plaintiff seeks to impose liability on Defendants O'Shaughnessy and Fuchter because,
17 following Plaintiff's complaint to the Prison Law Office, they represented in writing to the Attorney
18 General's Office that Plaintiff appeared to have no significant shoulder injury.  This conduct does
19 not support a claim that either Defendant was deliberately indifferent to Plaintiff's medical needs.

20     Finally, there are no specific acts of alleged deliberate indifference attributed to named
21 Defendants Yin, Turner, Holland, or Bauchman.  Accordingly, the amended complaint does not state
22 any claims for relief against them under section 1983.

23     The Court will provide Plaintiff with the opportunity to file a second amended complaint.
24 In amending, Plaintiff is informed that "[a] difference of opinion between a prisoner-patient and
25 prison medical authorities regarding treatment does not give rise to a s 1983 claim."  Franklin v.
26 Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted).  Rather, a valid claim must
27 be supported by allegations which would be sufficient to "show that the course of treatment the
28 doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this

1  course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90

2  F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  Although accepted as true, the "[f]actual

3  allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Bell

4  Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

5  **III.   Conclusion and Order**

6       Plaintiff's amended complaint fails to state a claim upon which relief may be granted under

7  federal law.  The Court will provide Plaintiff with the opportunity to file a second amended

8  complaint curing the deficiencies identified by the Court in this order.  Plaintiff may not change the

9  nature of this suit by adding new, unrelated claims in his second amended complaint. George v.

10 Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

11      Plaintiff is informed that he must demonstrate in his complaint how the conditions

12 complained of have resulted in a deprivation of his constitutional rights.  See Ellis v. Cassidy, 625

13 F.2d 227 (9th Cir. 1980).  The complaint must allege in brief but specific terms how each named

14 defendant is involved.  There can be no liability unless there is some affirmative link or connection

15 between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976);

16 May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.

17 1978).

18      Under section 1983, liability may not be imposed on supervisory personnel for the actions

19 of their employees under a theory of respondeat superior.  When a named defendant holds a

20 supervisorial position, the causal link between that defendant and the claimed constitutional violation

21 must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.

22 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  To state a claim for

23 relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the

24 defendant either: personally participated in the alleged deprivation of constitutional rights; knew of

25 the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient

26 that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the

27 constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations

28 omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed, with leave to amend, for failure to state a claim upon which relief may be granted under section 1983;

2. The Clerk's Office shall send Plaintiff a complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a second amended complaint;

4. Plaintiff may not add any new, unrelated claims to this action via his second amended complaint and any attempt to do so will result in an order striking the second amended complaint; and

5. If Plaintiff fails to file an second amended complaint, the Court will recommend that this action be dismissed, with prejudice as to the federal claims, for failure to state a claim.

IT IS SO ORDERED.

**Dated:  August 10, 2008**          /s/ Sandra M. Snyder
                                                UNITED STATES MAGISTRATE JUDGE